Timothy Schultz Executive Director Department of Local Affairs 1313 Sherman Street, Rm. 518 Denver, CO 80203
Dear Mr. Schultz:
This opinion letter is in response to a letter from your predecessor, Mr. E. Robert Turner, dated April 16, 1987, in which he inquired whether federal or state regulations specify or suggest a retirement age for county or district Health Department employees. Additionally, Mr. Turner inquired whether a county or district Health Department Board of Health may establish and enforce an age retirement policy.
QUESTIONS PRESENTED AND CONCLUSIONS
The request for an attorney general's opinion presented the following questions:
1. Whether state or federal laws specify or suggest a retirement age for county or district Health Department employees?
 Neither federal nor Colorado law specifies a retirement age for such employees. Although Colorado law suggests a retirement age of 70, superceding federal law undermines such suggestion.
2. Whether the Board of a county or district Department of Health may establish and enforce an age retirement policy?
 The Board of a county or district Department of Health may establish an age retirement policy if age is a bona fide occupational qualification reasonably necessary to the normal operation of the Department of Health or if the retirement policy is based upon reasonable factors other than age.
ANALYSIS
a. The Federal Age Discrimination and Employment Act,29 U.S.C. § 621 (1967 1987 Supp.) (hereinafter "the ADEA"), and the Colorado employment practices statutes, 24-34-405 to 406, C.R.S. (1982 1986 Supp.), each prohibit discrimination in employment solely on the basis of age.[1] Both the ADEA and the Colorado employment procedures statutes apply to political subdivisions, EEOC v. Wyoming, 460 U.S. 226 (1983), section 24-34-401(3), C.R.S. (1982) such as county and district Departments of Health, see Johnson v. JeffersonCounty Board of Health, 662 P.2d 463 (Colo. 1983). Neither federal nor state law specifies a retirement age for health care employees but prior to January 1, 1987, both federal and state law prohibited age discrimination only with respect to the employment of individuals at least 40 but less than 70 years old.29 U.S.C. § 631(a) (1978); section 24-34-301(1), C.R.S. (1986 Supp.).
Effective January 1, 1987, however, Congress eliminated the upper age limitation of the applicability of the ADEA.29 U.S.C. § 631(a) (1987 Supp.).[2] In doing so, Congress noted:
 The bill seeks to eliminate mandatory retirement by striking all references to upper age limitations . . . . [The bill] would in no way force workers to continue working past age 70. It would in no way force employers to retain workers who are no longer competent. [It] would ensure that those Americans age 70 and over who desire to continue working and are able to continue performing in a competent fashion are not denied the basic human right to earn a living.
1986 U.S. Code Cong. Ad. News (100 Stat) 5633-34.
To the extent that a conflict exists between the ADEA and the state employment statutes, the ADEA prevails. E.g.,EEOC v. Santa Barbara County, 666 F.2d 373 (9th Cir. 1982); Nolan v. Otis Elevator, 102 N.J. 30,505 A.2d 580 (1986), cert. denied, 107 S.Ct. 84, (1986).See also 1986 U.S. Code Cong. Ad. News (100 Stat) 5629 (in eliminating the upper age limit in the ADEA, Congress noted that "[T]he states are free to pass and enforce their own age discrimination laws which meet or exceed the federal provisions.") In my opinion, Colorado's suggested retirement age of 70 would, in most cases, be invalid because it conflicts with the newly enacted federal provision.
2. A county or district Department of Health may establish a mandatory retirement age under certain specific conditions. In identical language, the ADEA and the Colorado employment practice statutes allow an employer to establish a mandatory retirement age "if age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular employer or where the differentiation is based on reasonable factors other than age. . . ." 29 U.S.C. § 623(f)(1) (1984); section24-34-402(4)(a), C.R.S. (1986 Supp.).
Age Discrimination Rules promulgated by the Equal Employment Opportunity Commission further define the use of a "bona fide occupational qualification reasonably necessary to the normal operation of the particular employer" and "reasonable factors other than age." 29 C.F.R. § 1620 (1986).[3] These rules place the burden on the employer to establish that the employer's policy decision effectuates the goal it is intended to achieve, is the only acceptable means to achieve the goal, and is a business necessity. The terms used in the statutes and rules have limited scope and will be narrowly construed, however.See 29 C.F.R. § 1620.23 (1986).[4].
SUMMARY
The ADEA prevails over Colorado age discrimination statutes that do not meet or exceed the federal provisions. Therefore, Colorado's suggested retirement age of age 70 is preempted by the 1986 ADEA amendment which eliminates the general upper age specification for permissible retirement policies. A mandatory retirement policy may be established, however, if the age requirement can be justified within the narrow guidelines set out in the Federal Equal Employment Opportunity Commission Age Discrimination Rules.
Very truly yours,
 DUANE WOODARD Attorney General
RETIREMENT DISCRIMINATION COUNTIES
29 U.S.C. § 621 to 634 (1979)
Sections 24-34-401 to 406, C.R.S. (1982 1986 Supp.) Section 24-34-301, C.R.S. (1986 Supp.)
LOCAL AFFAIRS DEPT.
Retirement age for county of district Department of Health employees; Age discrimination.
[1] The ADEA prohibits employers from "limit(ing), segregat(ing), or classify(ing) his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623(a)(2) (1967). The Colorado employment statutes prohibit employers from discharging, demoting, promoting, or paying differently an employee solely on the basis of the employee's age. Section 24-34-402(1), C.R.S. (1986 Supp.).
[2] This is not to say that Congress has withheld approval of a permissible mandatory retirement age for all employees, however. For instance, Congress would permit a compulsory retirement age of 65 for certain high level policy makers andbona fide executives. 29 U.S.C. § 631(c)(1) (1987 Supp.). See section 24-34-402(4)(c), C.R.S. (1986 Supp.).
[3] The Colorado Civil Rights Commission has adopted similar regulations. See 3 CCR 708-1, § 40.4 at 13.01 (11-86). However, those regulations will not be effective beyond June 30, 1987, unless they are repromulgated by the Commission and not found by the legislature to be unconstitutional or beyond the Commission's authority, 1987 H.B. 1089.
[4] For examples of cases applying the ADEA to specific age retirement policies in contexts outside the health field,see generally Annot., 63 A.L.R. Fed. 610 (1983).